Mae E. Essam, Administratrix v. The New York, New Haven and Hartford Railroad Company

| SUPERIOR COURT | NEW LONDON COUNTY | FILE No. 17995 |

Memorandum filed March 19, 1952.

*Brown & James*, of Norwich, and *William J. Willetts*, of New London, for the Plaintiff.

*Edwin H. Hall* and *Thomas J. O'Sullivan*, of New Haven, for the Defendant.

ALCORN, J. The motion is based upon the single proposition that the evidence establishes contributory negligence as a matter of law. The contributory negligence is claimed to rest

both on a violation of § 2418, General Statutes, and on the deceased's failure to take advantage of the long, clear view he had of the approaching train.

The deceased was driving a one-ton truck equipped with acetylene and oxygen welding outfits and loaded with two fifty-gallon drums of gasoline in addition to built-in tanks of acetylene gas. The defendant claimed that the deceased, in operating such a vehicle, was obliged to come to a stop before crossing the tracks under the requirement of the statute. The evidence is undisputed that he did not do so. The plaintiff claimed that the statute did not apply to a vehicle such as the deceased was driving.

The jury were charged as to the requirements of the statute, and its applicability under the facts was left to them to determine. They were told that a violation of the statute would constitute negligence and that if such negligence was also a proximate cause of the ensuing injury it would bar the plaintiff's recovery.

The jury also had before it evidence that the surface of the crossing was rough and undulating; that the engine crew saw the truck approaching the crossing when the train was some 700 feet away; that the train's speed was not then checked because it appeared that the truck would have time to get across; that when the train was one or two hundred feet away the truck appeared to stall or something caused it to stop on the track; and that otherwise it would have been in the clear.

It may well be that, even though the jury found a violation of the statute, they concluded it was not a proximate cause of the collision. They may have concluded with respect to the deceased's conduct in general that he was reasonable in concluding, as the engine crew did, that he could safely pass over the crossing in front of the train and failed to do so only because of some unforeseen happening that produced the apparent stalling on the track.

The motion is denied.